UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DAVID LEWIS BENTON, Sr.**                                                                          **PLAINTIFF**

**v.**                       **CIVIL ACTION NO. 3:14-CV-97-H**

**SHERIFF'S CIVIL PROCESSING DEPT.**                                       **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff, David Lewis Benton, Sr., proceeding *pro se* and *in forma pauperis*, has sued the Sheriff's Civil Processing Department in Jefferson County, Kentucky. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. STATEMENT OF CLAIMS

In his complaint, Plaintiff states as grounds for filing his suit "withholding of information – non service of duties. The Plaintiff paid the Clerks Office fees and the Department never processed the summons." He states that he attempted to resolve "an error of processing work" on October 7, 2009. He states, "On the date of 12/05/12 the Sheriff's Dept. Informed the Plaintiff that all information involved with the case could not be located due to it's absence." As relief, Plaintiff asks for the Court to recognize "the office commiting the act's of interrupting due process," $1.5 million, and an apology.

Shortly after filing his complaint, Plaintiff filed an amended complaint, in which he lists the following laws as the grounds for filing this case: 18 U.S.C. § 246; 29 U.S.C. § 1109; 42 U.S.C. § 1985, "U.S. Bill of Rights, Sec. #1, #3;" and various Kentucky law provisions. He states in the statement-of-claim portion of the amended complaint: "Resolving the case in a

tim[e]ly mater was imposiable due to information of the case being released after the statu[t]e of limitations had arived (police report/all case information)." His amended complaint seeks a formal apology and $700,000.

## II. ANALYSIS

This Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**A.      Federal-law claims**

*18 U.S.C. § 246 claim*

Section 246 of Title 18 of the United States Code is a federal criminal statute which prohibits deprivation of relief benefits. There are no facts alleged to support this charge. Regardless, Plaintiff as a private citizen may not enforce the federal criminal code. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam); *Abner v. General Motors*, 103 F. App'x 563, 566 (6th Cir. 2004). Consequently, this claim will be dismissed for failure to state a claim.

*29 U.S.C. § 1109 claim*

Section § 1109 is part of the United States Code dealing with the Employee Retirement Income Security Program. It has absolutely no bearing on the facts alleged by Plaintiff, and this claim will be dismissed for failure to state a claim.

*42 U.S.C. § 1985*

The only portion of this statutory provision which could be considered applicable to the instant case is § 1985(3). To the extent that Plaintiff is attempting to raise a claim under 42 U.S.C. § 1985(3), the Court finds that he fails to do. Section 1985(3) states in pertinent part as follows:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; . . . in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

In order to prove a claim of conspiracy in violation of § 1985(3), Plaintiff must prove: (1) a conspiracy of two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or the deprivation of any right or privilege of the United States. *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994). The Plaintiff must also show that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). Moreover, "[a] class protected by section § 1985(3) must possess the characteristics of a discrete and insular minority, such as race, national origin, or gender." *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 994 (6th Cir. 1994).

In the present case, Plaintiff has not alleged that there existed a conspiracy, much less a conspiracy that was motivated by any racial or other class-based animus. Consequently, Plaintiff has failed to state a claim under § 1985(3).

*Federal constitutional claims*

Congress has explicitly provided a remedy for constitutional violations brought against state and local officials and local units of government in 42 U.S.C. § 1983. In *Thomas v. Shipka*, the Sixth Circuit held that § 1983 provides the exclusive remedy for constitutional claims brought against state and local officials and local units of government. *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989). Plaintiff has no cause of action directly under the Constitution. Therefore, the Court construes Plaintiff's constitutional claims as being brought under § 1983. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992); *Henderson v. Corr. Corp. of Am.*, 918 F. Supp. 204, 208

(E.D. Tenn. 1996).

The Sheriff's Department, is not an entity subject to suit, and, therefore, the claims against it must be brought against Jefferson County as the real party in interest. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (advising that since the county police department is not an entity which may be sued, the county is the proper party); *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (concluding that a suit against the fiscal court and judge executive is actually a suit against the county itself).

When a § 1983 claim is made against a municipality, like Jefferson County, a court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation

5

omitted)); *Bd. of Cnty. Comm'rs of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff has not alleged that a policy of the Sheriff's Department led to a violation of his constitutional rights. Consequently, dismissal for failure to state a claim is appropriate. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible.").

Moreover, it appears that any § 1983 claim is barred by the statute of limitations. "[T]he applicable statute of limitations [in Kentucky] for any claim arising under . . . Section 1983 . . . is one year." *Bowden v. City of Franklin, Ky.*, 13 F. App'x 266, 272 (6th Cir. 2001) (per curiam). Here, it appears from the complaint that the Sheriff's Department informed Plaintiff on December 12, 2012, that none of the information he sought could be located. Thus, Plaintiff's complaint, filed on March 7, 2014, is outside of the one-year limitations period.

**B.      State-law claims**

Because Plaintiff's federal-law claims will be dismissed, the Court declines to exercise its supplemental jurisdiction over Plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3). Those claims will be dismissed without prejudice.

## III. CONCLUSION

For the foregoing reasons, by separate Order, Plaintiff's federal claims will be dismissed for failure to state a claim. Plaintiff's state-law claims will be dismissed without prejudice.

Date:


cc: Plaintiff, *pro se*
 Defendant
4412.009